IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CITY OF SILOAM SPRINGS, ARKANSAS,
A Municipal Corporation                                          PLAINTIFF

v.                    Civil No. 12-5140

KANSAS CITY SOUTHERN RAILWAY COMPANY                             DEFENDANT

O R D E R

Now on this 10th day of September, 2012, come on for consideration **Plaintiff's Motion to Remand** (document #10), and defendant's **Motion To Dismiss** (document #12), and from said motions, and the responses thereto, the Court finds and orders as follows:

1.  In this condemnation action, the City of Siloam Springs, Arkansas ("City") seeks to exercise its power of eminent domain to acquire a permanent trail easement over land running underneath a railroad bridge owned by the Kansas City Southern Railway Company ("KCSR").

2.  The City originally filed this action in the Circuit Court of Benton County, Arkansas on June 8, 2012.[1] It was removed to this Court by KCSR on July 6, 2012. The City now seeks to remand the matter to state court, insisting that federal jurisdiction is lacking over this state law condemnation action.

---

[1] This is the second condemnation action pertaining to the recreational trail easement which is the subject of the instant action. The City's previous action, **City of Siloam Springs v. Kansas City Southern Transport Co., by the Kansas City Southern Railway Company**, Civil No. 11-5233 (W.D. Ark. 2012), was dismissed for lack of subject matter jurisdiction by this Court on February 14, 2012.

3.  KCSR, however, argues that the matter is preempted by federal law and therefore moves to dismiss for lack of subject-matter jurisdiction, pursuant to **F.R.C.P. 12(b)(1)**. It contends that jurisdiction to determine the issue lies with the Surface Transportation Board ("STB") under **49 U.S.C. § 10501(b)**, which grants the STB exclusive jurisdiction over "the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State."

4.  The City responds that **§ 10501(b)** is not as sweeping as claimed by KCSR, in that state laws -- such as those providing for eminent domain -- are only preempted where their application would "prevent or unreasonably interfere with railroad operations," citing **Maumee & W.R.R. Corp. and RMW Ventures, LLC - Petition for Declaratory Order**, 2004 WL 395835 (S.T.B., March 2, 2004).

5.  The statute in question, **§ 10501(b)(1)**, provides that

> [t]he jurisdiction of the Board over -- (1) transportation by rail carriers, and the remedies provided in this part with respect to . . . facilities of such carriers; and (2) the . . . operation . . . of . . . facilities, even if the tracks are located, or intended to be located, entirely in one State, is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

6.  The STB has explained the reach of **§ 10501** preemption as

-2-

follows:

> Section 10501(b) . . . shields railroad operations that are subject to the Board's jurisdiction from state or local laws or regulations that would unreasonably interfere with or discriminate against rail operations. . . . But state or local authorities may take action when it only incidentally affects railroad property. See, e.g., N.Y. Susquehanna & W. Ry. v. Jackson, 500 F.3d 238, 252-54 (34d Cir. 2007)(§ 10501(b) preempts "all state laws that may reasonably be said to have the effect of managing or governing rail transportation, while permitting the continued application of laws having a more remote or incidental effect on rail transportation. . . .)

**Allegheny Valley Railroad Company -- Petition For Declaratory Order**, 2011 WL 1546589 (S.T.B., April 21, 2011).

7. "The preemptive effect of a federal statute is a question of law," and "[t]he party asserting federal preemption has the burden of persuasion." **Elam v. Kansas City Southern Ry. Co.**, **635 F.3d 796, 802 (5th Cir. 2011)** (holding that § **10501** only completely preempts claims attempting to "manage or govern a railroad's decisions in the economic realm").

In cases involving state laws of eminent domain, particularly those involving non-exclusive easements for routine at-grade crossings, courts have held that § **10501(b)** does not preempt such laws unless the easement would "impede rail operations or pose undue safety risks." **New Orleans & Gulf Coast Ry. Co. v. Barrois**, **533 F.3d 321, 333 (5th Cir. 2008)**, citing cases, including **City of Lincoln v. Surface Transportation Board**, **414 F.3d 858, 863 (8th Cir. 2005)**.

In light of the foregoing authorities, the Court believes that preemption applies in this case if the easement sought by the City "would unreasonably interfere with" KSCR rail operations, but not required if it "only incidentally affects" KCSR railroad property.

8.   In support of its Motion To Dismiss, KCSR offers the Amended Affidavit of Allen Pepper[2] ("Pepper") and the Declaration Under Penalty of Perjury of Srikanth Honnur ("Honnur").

(a)   Pepper states that, in his capacity as U.S. Director of Public Safety for KCSR, he has considered the City's proposal for a "recreational trail under a bridge on the KCSR mainline in Siloam Springs," and specifically avers the following:

*   that the bridge is a 172' ballast deck timber bridge built in 1918;

*   that approximately twenty trains cross it each day;

*   that the trains that cross the bridge travel between 25 to 40 miles per hour;

*   that trail users would be exposed to hazards associated with rail transportation;

*   that although the use of corrugated roofing material may provide some protection from the danger of small objects, the roof would provide little protection from large, heavy objects; and,

---

[2] The Amended Affidavit of Allen Pepper was substituted in place of the Affidavit of Allen Pepper as Exhibit 1 to KCSR's Motion to Dismiss following this Court's text only order granting KCSR's Unopposed Motion to Substitute Amended Affidavit with Brief Incorporated (document #20).

\*   that constructing the proposed corrugated roof would interfere with KCSR's ability to operate the bridge, specifically KCSR's ability to inspect and maintain the bridge and its supporting structures.

(b) Further, Honnur, in his capacity as a bridge engineer and the KCSR Track and Bridge Construction Director, states:

\*   that "at some point in the future, this bridge will be replaced with a new bridge;"

\*   that destruction of the trail and proposed corrugated metal roofing will be required when the bridge is replaced or repaired;

\*   that KCSR will need the proposed location of the recreational trail for the construction and maintenance or improvements to its railway lines in the future;

\*   that KCSR may need to reinforce and repair the bridge prior to replacement through the installation of intermediate support bents; and, the installation of intermediate support bents would require removal of the proposed roofing structure;

\*   that the construction of the trail and proposed roofing structure could cause delays in repair response time; which could, in turn, potentially cause a collapse in the bridge; and

\*   that construction of the trail could interfere with water flow of an adjacent waterway and the potential need of KCSR

-5-

to widen the channel of that waterway to increase the capacity of the channel.

9.   The City presents the Affidavit testimony of Randy Atkinson, who serves as the City's Public Works Director. Atkinson states, in pertinent part, that -- based on studies -- underpass rail crossings, such as the one proposed by the recreational trail, are far safer than at-grade crossings for pedestrians and bicyclists.

10.  Based upon the submissions, it would appear to the Court that the proposed trail easement contemplates structural modifications to a railroad bridge -- which is unquestionably a "facility" of KCSR.  In the Court's view, those structural modifications -- and the potential implications those structural modifications have on KCSR's ability to inspect and maintain the bridge -- constitute more than an "incidental effect" on the operation of the railroad.

Further, the proposed trail easement would allow pedestrians and bicyclists to cross under the track while trains are passing by overhead.  Despite the proposed roofing structure, the Court believes that arrangement would still present the risks that some sort of debris -- from passing trains or from the bridge itself -- might fall and strike the trail users.  Such risks expose not only the trail users, but also the railroad.

11.  The City argues that at-grade crossings are considered

*more* dangerous than underpass crossings which, of course, may well be true.  However, the issue before the Court is whether this proposed crossing will "impede rail operations or pose undue safety risks" -— not whether this proposed form of crossing will pose *less* of a safety risk than some other form.

12.  In light of the foregoing, the Court concludes that the case falls within the ambit of **49 U.S.C. § 10501(b)** -- thus preempting state law and placing exclusive jurisdiction of the matter with the Surface Transportation Board per that statute.  It further concludes that, in these circumstances, the motion to remand should be denied and this case should be dismissed because the Court lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that **Plaintiff's Motion to Remand** (document #10) is **denied.**

**IT IS FURTHER ORDERED** that defendant's **Motion To Dismiss** (document #12) is **granted**, and this matter is **dismissed without prejudice.**

**IT IS SO ORDERED.**

                                       /s/ Jimm Larry Hendren  
                                      **JIMM LARRY HENDREN**  
                                      **UNITED STATES DISTRICT JUDGE**